UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VONCELL DUNACAN,

    Plaintiff,

v.

ARD LOGISTICS LLC, *et. al.*,

    Defendants.

Case No. 20-cv-13236
Hon. Matthew F. Leitman

_____/

**ORDER (1) DENYING REMAINING PORTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 20); (2) TERMINATING DEFENDANT'S MOTION TO STRIKE (ECF No. 31) AS MOOT; (3) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 30); AND (4) REFERRING ACTION FOR SETTLEMENT CONFERENCE WITH THE ASSIGNED MAGISTRATE JUDGE**

In this action, Plaintiff Voncell Duncan claims that Defendants ARD Logistics LLC and VITEC LLC violated his rights under the federal Age Discrimination in Employment Act (the "ADEA") and Michigan's Elliott-Larsen Civil Rights Act (the "ELCRA") when Defendants, among other things, terminated his employment. (*See* Am. Compl., ECF No. 13.)  Following the completion of discovery, Defendants moved for summary judgment on all of Duncan's claims. (*See* Mot., ECF No. 20.) ARD argued that it could not be held liable because it was not Duncan's employer, and both ARD and VITEC argued that Duncan's claims failed on their merits. (*See id.*)

1

The Court held a hearing on the motion on January 23, 2023. At the conclusion of the hearing, the Court granted Defendants' motion in part and took the motion under advisement in part. More specifically, the Court (1) granted the motion with respect to all claims brought against ARD because the Court concluded that ARD was not Duncan's employer and (2) granted the motion in all other respects *except* for Duncan's claim for age discrimination under the ELCRA brought against VITEC. (*See* Order, ECF No. 27.) It took that potion of Defendants' motion under advisement, and it directed Duncan and VITEC to file supplemental briefs with respect to that remaining claim. (*See id.*) The parties have submitted those briefs (*see* Supp. Brs., ECF Nos. 28, 29), and the Court is now prepared to rule on the remaining portion of Defendants' motion. In addition, two additional motions have been filed in this action: (1) VITEC's motion to strike a declaration that Duncan included with his supplemental brief (*see* VITEC Mot., ECF No. 31) and (2) Duncan's motion for reconsideration (*see* Duncan Mot., ECF No. 30). The Court will resolve each motion separately below.

I

The Court begins with the remaining portion of VITEC's motion for summary judgment. As explained above, Duncan's only remaining live claim is for age-discrimination under the ELCRA. "The ELCRA prohibits 'discriminat[ing] against an individual with respect to employment, compensation, or a term, condition, or

2

privilege of employment, because of ... age[.]'" *Tilley v. Kalamazoo Road Com'n*, 777 F.3d 303, 307 (6th Cir. 2015) (quoting Mich. Comp. Laws § 37.2202(1)(a)). "ELCRA age-discrimination claims are analyzed under the same framework as discrimination claims brought under the federal [ADEA]." *Id.* "A plaintiff may establish a violation of the [] ELCRA through either direct or circumstantial evidence." *Id.* (internal quotation omitted). "Direct evidence of discrimination is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). "Such evidence requires the conclusion that age was the 'but for' cause of the employment decision." *Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 806 (6th Cir. 2020).[1]

Here, Duncan has proffered direct evidence of age discrimination. More specially, Duncan has submitted a sworn declaration from Michael Ervin, a former employee at VITEC who reported to Duncan. (*See* Ervin Decl. at ¶¶ 1-2, ECF No. 23-1, PageID.877.) In his declaration, Ervin said that Ezra Beard, one of Duncan's

---

[1] In *Willard*, the Sixth Circuit noted that there is a "dispute" about whether "the appropriate causation standard […] for age-discrimination claims brought under the ELCRA" is (1) "whether the defendant's discriminatory age bias was a 'substantial' or 'motivating' factor in the adverse employment decision" or (2) the ADEA's but-for standard." *Willard*, 952 F.3d at 814-815. But, as in *Willard*, the Court "need not decide which standard to apply" because, for the reasons explained above, the Court concludes that Duncan's "claim meets the more demanding but-for standard." *Id.* at 815.

superiors, "said that we needed some younger blood in [Duncan's] position and suggested that they wanted to bring in someone younger to take [Duncan's] place." (*Id.* at ¶7, PageID.877.) Beard's statement, if believed by a jury, would constitute direct evidence of age discrimination. And, when considered in conjunction with other evidence in the record, it creates a genuine issue of material fact as to whether age was the "but for" cause of Duncan's termination. Thus, based on Ervin's declaration, the Court will deny VITEC's motion for summary judgment with respect to Duncan's ELCRA age-discrimination claim.

VITEC counters that Beard's purported statement is irrelevant because "the undisputed evidence in the record establishes that he was not the decision-maker as to [Duncan's] termination." (VITEC Supp. Br., ECF No. 28, PageID.1306.) VITEC insists instead that Bregitte Braddock was the sole decision maker who decided to fire Duncan. (*See id.*) But, when Braddock's deposition testimony is viewed in the light most favorable to Duncan, she testified that Beard was involved in the discussions and decision-making process that led to Duncan's termination. (*See, e.g.*, Braddock Dep. at 114-116, 142, 175, ECF No. 23-6, PageID.1151, 1158, 1166.) Braddock further testified that Beard "was involved" in the meeting where Duncan was fired. (*Id.* at 140-141, PageID.1157.) Simply put, there is at the very least a question of fact regarding how involved Beard was in Duncan's firing. Moreover, Beard's statement may construed as referring to Braddock as being among the

4

people who wanted to have Duncan replaced with a younger person. For that reason, the statement may be treated as evidence of the decision-maker's age-based animus, and would preclude the entry of summary judgment even if Beard did not have a say in Duncan's termination.

VITEC further argues that Beard's supposed statement does not constitute direct evidence of age discrimination because Ervin's use of the word "suggested" renders Beard's statement an "indirect communication" that requires the reader to make an inference. (VITEC Supp. Br., ECF No. 28, PageID.1299-1303.) The Court disagrees. A reasonable reading of Ervin's declaration is that Beard indicated both that VITEC "needed some younger blood in [Duncan's] position" and that VITEC "wanted to bring in someone younger to take [Duncan's] place." Reading the statement in this manner does not require an inference.

For all of these reasons, VITEC is not entitled to summary judgment on Duncan's age-discrimination claim under the ELCRA.

## II

As explained above, following the hearing on Defendants' summary judgment motion, the Court directed Duncan and VITEC to file supplemental briefs. When Duncan filed his supplemental brief, he submitted a second declaration from Ervin to the Court. (*See* Sec. Ervin Decl., ECF No. 29-1.) In that second declaration, Ervin

5

sought to provide additional details about Beard's statement that the Court discussed above. (*See id.*)

On February 24, 2023, VITEC moved to strike Ervin's second declaration. (*See* VITEC Mot., ECF No. 31.) VITEC argues, among other things, that the Court should not consider the second Ervin declaration because it was unsigned and untimely. (*See id.*)

The Court **TERMINATES** VITEC's motion as moot. The Court did not consider Ervin's second declaration when it ruled on the remaining portion of VITEC's summary judgment motion. VITEC's motion is therefore moot.

### III

Finally, on February 21, 2023, Duncan filed a motion for reconsideration. (*See* Duncan Mot., ECF No. 30.) In that motion, Duncan argues that the Court should reinstate his claims against ARD because he was terminated by someone who worked for ARD. (*See id.*, PageID.1417.)

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). That rule provides that "motions for reconsideration […] must be filed within 14 days after entry of the order" at issue. E.D. Mich. Local Rule 7.1(h)(2). Such a motion "may be brought only upon the following grounds: (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior

decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Id.*

Duncan's motion for reconsideration fails for at least two reasons. First, it is untimely. The Court issued its order granting summary judgment in ARD's favor on January 24, 2023. (*See* Order, ECF No. 27.) Thus, any motion seeking reconsideration of any part of that order was due by no later than February 7, 2023. But Duncan did not file his motion for reconsideration until two weeks later, on February 21, 2023. (*See* Duncan Mot., ECF No. 30.) Duncan's motion was therefore not timely filed and will be denied on that basis.

Moreover, even if Duncan had filed his motion on time, he still has not shown an entitlement to relief. In the motion for reconsideration, Duncan says that "as [he] has briefed in the supplemental brief filed concurrently with this motion, the person who terminated [him] worked for ARD Logistics." (*Id.*, PageID.1417.) But Duncan did not discuss that subject in his supplemental brief. (*See* Duncan Supp. Br., ECF No. 29.) That brief never even attempted to identify any evidence in the record that could support a finding that the person who fired him worked for ARD. And, in any event, as the Court discussed at the hearing on Defendants' motion, the relevant question *is not*, as Duncan insists in his motion for reconsideration, whether the person who fired him worked for both ARD and VITEC. The dispositive question

7

is whether there is evidence that the person who fired Duncan was working *as an ARD employee* when that person decided to fire Duncan. Because Duncan has not identified any evidence that the Court erred when it concluded ARD was not Duncan's employer, Duncan's motion for reconsideration fails for that independent reason as well.

### IV

For all of the reasons stated above, **IT IS HEREBY ORDERED** as follows:

- The portion of VITEC's summary judgment motion (ECF No. 20) that the Court previously took under advisement (*i.e.*, the portion of the motion directed at Duncan's age-discrimination claim bought under the ELCRA) is **DENIED**;

- VITEC's motion to strike (ECF No. 31) is **TERMINATED AS MOOT**; and

- Duncan's motion for reconsideration (ECF No. 30) is **DENIED**.

The Court believes the most appropriate next step in this action is for the parties to attempt to resolve their dispute. Thus, the Court hereby **REFERS** this action for a settlement conference before the assigned Magistrate Judge.

**IT IS SO ORDERED.**

Dated: March 3, 2023

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2023, by electronic means and/or ordinary mail.

            s/Holly A. Ryan
            Case Manager
            (313) 234-5126